UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. MAXWELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1264 CAS |
| ) | |
| AURORA LOAN SERVICES, LLC and ) | |
| MARTIN, LEIGH, LAWS & FRITZLEN, P.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on plaintiff Tommy L. Maxwell, Jr.'s motion to remand this action to the Circuit Court for the County of St. Louis, Missouri. For the following reasons, the Court concludes that plaintiff's motion to remand should be granted.

**Background**

Plaintiff filed this action in the Circuit Court for St. Louis County against defendants in three counts: declaratory judgment and injunction (Count I); quiet title (Count II); and violations of the Missouri Merchandising Practices Act ("MMPA") (Count III). Plaintiff alleges that he purchased a home with a 30-year loan payable to AEGIS Wholesale Corporation. Plaintiff states that defendant Martin, Leigh, Laws & Fritzlen, P.C. ("MLLF") was unlawfully appointed as the successor trustee. On June 27, 2011, in its capacity as successor trustee, defendant MLLF sold plaintiff's home to defendant Aurora Loan Services, LLC ("Aurora") at a trustee's sale because plaintiff was purportedly in default under the Deed of Trust.

In plaintiff's first two counts, he seeks declaratory judgment from the Court declaring the appointment of MLLF as successor trustee invalid, declaring the trustee's sale to defendant Aurora

null and void, and setting aside the trustee's sale of his home. In Count III, plaintiff sues defendants for violating the MMPA. The basis of his allegations are that defendant Aurora committed unfair and deceptive practices by "violating the public policy of federal guidelines enacted in connection with the Home Affordable Modification Program" ("HAMP").

On July 21, 2011, defendants removed the action to this Court. Defendants contend plaintiff's MMPA claim in Count III creates a disputed and substantial federal issue that confers federal jurisdiction under 28 U.S.C. § 1331 because the claim involves the "interpretation and implementation" of HAMP. Plaintiff disagrees, and moves to remand the action back to state court.

**Discussion**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986); see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936) ("Not every question of federal law emerging

in a suit is proof that a federal law is the basis of the suit.")  Federal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint which shows that either federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983).  The Supreme Court has called the latter category of federal question cases "special and small."  Empire HealthChoice Assurance Inc. v. McVeigh, 547 U.S. 677, 699 (2006).  "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg, 545 U.S. 308, 314 (2005).

  Here, defendants have failed to meet their burden of establishing subject matter jurisdiction.  Although plaintiff's claims relate to HAMP, the underlying cause of action does not arise under HAMP within the meaning of 28 U.S.C. § 1331.  Plaintiff is not alleging that he has a federal cause of action under HAMP.  In fact, courts have recognized that HAMP does not create a private right of action for borrowers against servicers and lenders.  See Rathore v. Bank of America, N.A., 2011 WL 2077538, *5 n.6 (E.D. Va. May 24, 2011) (citing cases); see also Defs.' Opp'n Mem. at 2.  Rather, Count III is a state MMPA claim that references HAMP to establish defendants violated the MMPA.  Similar to Rathore, the question of whether defendants failed to follow HAMP guidelines is a fact-specific inquiry as to whether defendants acted in an unfair and deceptive manner, and not a "'nearly pure issue of law'" that could govern other cases.  Id. at *5 (quoting Empire, 547 U.S. at 700).  The HAMP guidelines are only a standard upon which to measure defendants' conduct.

  This case is unlike the Supreme Court case Grable, which defendants cite in support of their

argument. 545 U.S. 308. As the Supreme Court described in Empire, the dispute in Grable centered on the action of a federal agency, the IRS, and whether it complied with a federal statute. There, the federal question was substantial and its resolution was "both dispositive of the case and would be controlling in numerous other cases." Empire, 547 U.S. at 700 (quoting Grable, 545 U.S. at 313). Here, plaintiff alleges that defendant Aurora's alleged violation of the HAMP guidelines was unfair and deceptive under the MMPA. The claim involves the action of a private defendant, not a federal agency, and a fact-specific inquiry into defendant Aurora's conduct. The resolution of plaintiff Maxwell's claim would not be controlling in numerous other cases. This case does not present a "nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases." Empire, 547 U.S. at 700 (internal quotations omitted).

Multiple district courts have held that state law claims alleging the defendant failed to follow HAMP guidelines do not fall within the "special and small" subset of cases in which 28 U.S.C. § 1331 applies. See Rathore, 2011 WL 2077538; Carlos v. Bank of Am. Home Loans, 2011 WL 166343 (C.D. Cal. Jan. 13, 2011); Zeller v. Aurora Loan Services, LLC, 2010 WL 3219134 (W.D. Va. Aug. 10, 2010). Similarly, here plaintiff's first amended petition does not present a question of federal law so substantial and disputed to warrant the exercise of federal question jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tommy L. Maxwell, Jr.'s motion to remand the cause to the circuit Court of the County of St. Louis is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of September, 2011.